John W. Kluksdal [ISB No. 5641]
HEPWORTH HOLZER, LLP
537 W. Bannock Street, Ste. 200
P.O. Box 2582
Boise, Idaho 83701-2582
Telephone: (208) 343-7510
Fax No. (208) 342-2927
jkluksdal@hepworthholzer.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN SCOTT NICHOLSON, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 1:22-cv-7 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, John Scott Nicholson, by and through his attorneys of record, Hepworth Holzer, LLP, with causes of action against the Defendant, United States of America, hereby states and alleges as follows:

**PARTIES**

1. At all times relevant herein, Plaintiff John Scott Nicholson ("Plaintiff" or "Mr. Nicholson"), has been an individual residing in Boise, Ada County, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2. Defendant United States of America is the real party in interest for the Boise VA Medical Center, a community health organization under the provisions of the Public Health Services Act, 42 U.S.C. § 201 *et seq*.

3. Dr. Lynnsey Stewart is a medical doctor licensed to practice medicine in the State of Idaho who performed services for and was an agent of the Boise VA Medical Center.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1346 and 1367(a).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402(b).

## GENERAL ALLEGATIONS

6. At all times relevant herein, The Boise VA Medical Center was, and now is, a non-profit corporation duly organized and existing under the laws of the State of Idaho and is transacting business in Ada County, Idaho, as The Boise VA Medical Center ("VA").  Upon information and belief, VA is deemed a community health center under provisions of the Public Health Services Act, Section 330(e).

7. On August 20, 2019, Mr. Nicholson presented to the VA with complaints of hip pain, and was evaluated by Dr. Stewart.  Dr. Stewart ordered an MRI, which was taken on September 4, 2019.  After review of the MRI results, Dr. Stewart told Mr. Nicholson he needed to walk more since it was most likely a muscular issue.  Dr. Stewart also administered a cortisone injection into Plaintiff's hip on September 9, 2019 based on his diagnosis.

8. In March of 2021, Mr. Nicholson was vacationing in Honduras when he began experiencing excruciating pain in his right leg.  Mr. Nicholson contacted the VA and his PCP, Dr. William G. Weppner.  Dr. Weppner reviewed Mr. Nicholson's MRI from September 4, 2019 and informed Plaintiff he had a renal cell carcinoma that is visible on this MRI.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

9. Mr. Nicholson returned to Idaho and had a biopsy of his left kidney, which was malignant, and was told by Dr. Stephen J. Miller that the growth on his left kidney was originally down low, and now it had moved up near where the urine collects, and needed to be removed.

10. Mr. Nicholson's left kidney was surgically removed on April 7, 2021.

11. On April 27, 2021, Dr. Andrew Wilper informed Mr. Nicholson that the VA erred and they could have saved his kidney in 2019.

12. Mr. Nicholson lost his left kidney and will be on dialysis for the rest of his life.

13. On September 2, 2021, Dr. Weppner wrote a letter to Mr. Nicholson stating the following:

> Upon my chart review, as well as our most recent clinic visit, I can inform that you have a solitary kidney following a nephrectomy for a renal cell carcinoma that was seen on an MRI on 9/4/2019. As documented in the institutional disclosure from 4/26/2021, this was missed initially. When it was discovered on 3/9/2021, it was large enough to require a nephrectomy. As such, it is at least as likely as not that this delay in identification and removal of this tumor contributed to your current kidney disease.

14. On June 29, 2021, Plaintiff filed a Notice of Tort Claim with the United States Department of Veterans Affairs pursuant to the Federal Tort Claims Act, which was received by Defendant on July 1, 2021.

15. It has now been six months since Defendant's receipt of the Notice of Tort Claim and to date Plaintiff has not received any notification from the Office of Chief Counsel of the U.S. Department of Veterans Affairs whether his claim has been denied by the United States government.

## COUNT ONE

### *Negligence Against the United States of America*

16. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-15 above as if fully set out herein.

17. The medical treatment Plaintiff received at the VA was negligent and fell below the standard of care owed to Plaintiff. This negligence was missing the growth on Mr. Nicholson's left kidney, which was visible on the MRI.

18. The VA's negligence was the direct and proximate result of Plaintiff's injuries. These injuries include the need for lifelong dialysis and/or additional surgeries, and extended pain and suffering.

19. As a direct and proximate result of the VA's negligence, Plaintiff has sustained economic and non-economic losses, which include but are not limited to: (a) Plaintiff's past and future medical expenses; and (b) Plaintiff's pain and suffering. The precise amount of these damages will be proven at the time and place of trial.

## COUNT TWO

### *Negligence Against Lynnsey Stewart, M.D.*

20. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-19 above as if fully set out herein.

21. The medical treatment Mr. Nicholson received from Dr. Stewart was negligent and fell below the standard of care by Dr. Stewart failing to see the growth on Mr. Nicholson's left kidney which was visible in the MRI, and telling Mr. Nicholson that he needed to walk more because his pain was a result of a muscular issue.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

22. Dr. Stewart's negligence was the direct and proximate result of Plaintiff's injuries, which include lifelong dialysis and pain and suffering.

23. As a direct and proximate result of Dr. Stewart's negligence, Plaintiff has sustained economic and non-economic losses, which include but are not limited to: (a) Plaintiff's past and future medical expenses; and (b) Plaintiff's pain and suffering.  The precise amount of these damages will be proven at the time and place of trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant as follows:

(1) For all economic and non-economic damages sustained as a direct and proximate result of the wrongful conduct of the Defendant, as referenced above, all in amounts to be proven at the time and place of trial in this action;

(2) For all costs and attorney's fees incurred in prosecution of this action, pursuant to federal and Idaho law including, but not limited to, Federal Rule of Civil Procedure 54(d); and

(3) For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues and claims in this matter.

Respectfully submitted this 7th day of January, 2022.

HEPWORTH HOLZER, LLP

By: __/s/ John W. Kluksdal_____
John W. Kluksdal
Attorneys for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**